IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERESA DODSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-04-778-RO |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner, Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Teresa Dodson ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405 (g) seeking judicial review of the defendant Commissioner's final decision denying Plaintiff's application for disability benefits under the Social Security Act, 42 U.S.C. § 423. Both parties to the proceeding have consented to the exercise of jurisdiction by a United States Magistrate Judge to order the entry of judgment [Tr. 15]. Upon review of the pleadings, the record ("Tr.") and the parties' briefs, it is the opinion of this court that the Commissioner's decision must be reversed and remanded for further proceedings pursuant to 42 U.S.C. § 405(g).

**Administrative Proceedings**

Plaintiff initiated these proceedings in September, 2001, by filing a claim for disability insurance benefits [Tr. 48 - 51]. She alleged that an injury to her lower back with resulting pain across her hip and down her left leg along with numbness in both hands became disabling as of October 27, 1998 [Tr. 48 and 73]. Plaintiff's claim was denied initially and upon reconsideration [Tr. 31 - 34 and 37 - 38]. An April, 2003 hearing was conducted by an Administrative Law Judge ("ALJ") who heard testimony

from Plaintiff and a medical expert [Tr. 325 - 338].  In his May, 2003 decision, the ALJ found that Plaintiff was not disabled because she was able to perform her past relevant work as a shelter manager [Tr. 16 - 23].  The Appeals Council of the Social Security Administration declined Plaintiff's request for review, and Plaintiff subsequently sought review of the Commissioner's final decision in this court [Tr. 5 - 8].

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.  *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  However, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is far from superficial.  "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted).  "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Id.* at 299.

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C.

2

§423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§404.1520(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail). Plaintiff bears the initial burden of proving that she has one or more severe impairments. 20 C.F.R. § 404.1512; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Where Plaintiff makes a prima facie showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Turner* , 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984). In this case, the ALJ determined that Plaintiff could perform her past work, thus ending the inquiry at the fourth step.

**Plaintiff's Contentions**

It is Plaintiff's initial contention that the ALJ's finding that Plaintiff could perform her past relevant work as a shelter manager was erroneous. She further maintains that the residual functional capacity ("RFC") assessed by the ALJ was not supported by substantial evidence and that the ALJ failed to give proper weight to the medical source opinions of record. Finally, Plaintiff claims that the ALJ failed to evaluate whether she was eligible for a closed period of disability.

**Analysis of the ALJ's Decision**

The ALJ determined that Plaintiff – fifty-two years old with a GED and with past work experience as a cook and as a shelter manager for a homeless shelter and for the Salvation Army – was severely impaired by back pain, by numbness in her hands and by

anxiety attacks [Tr. 18, 19 and 21]. The medical evidence summarized by the ALJ reveals that Plaintiff injured her back on October 27, 1998, when she lifted a roast out of the oven while working for Marriott; physical therapy and lumbar surgery followed [Tr. 18 - 19]. On March 7, 2002, Plaintiff's neurological surgeon advised the Worker's Compensation Court that Plaintiff had reached maximum medical improvement; that she had completed a functional capacity evaluation and had been rated at a sedentary level of work, and that she continued to have chronic low-level back and leg discomfort which was exacerbated by weather changes [Tr. 19 and 167]. The ALJ also noted an October 11, 2002, report from Charles Morgan, M. D., who performed a nerve conduction study and found "very convincing evidence for bilateral carpal tunnel syndrome, worse on the left than on the right." [Tr. 19 and 315].

In his assessment of Plaintiff's credibility, the ALJ determined that Plaintiff was "not suffering from debilitating pain or symptoms that would further limit her residual functional capacity beyond the full range of sedentary work." [Tr. 21]. Applying the RFC for sedentary work to Plaintiff's past relevant work, the ALJ determined as follows:

> At the hearing, the claimant testified that she has worked as a cook for a vocational school and nursing home. She has worked as a shelter manager in a homeless shelter and for the Salvation Army. These type jobs involved lifting and carrying 50 pounds or more except the shelter manager where she only lifted 10 pounds occasionally. She stated that this job involved interviewing the clients and explaining the rules, showing the rooms, and holding group meetings. She was also responsible for seeing that other employee did their work. The undersigned finds that the claimant could perform this type work as a shelter manager which is sedentary work and does not involve lifting over 10 pounds. She would also be free to move around or change positions as needed.

*Id.* Having determined that Plaintiff retained the RFC to perform her prior work as a

shelter manager, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act [Tr. 22].

It is Plaintiff's claim that the only evidence in the record establishes that she performed her work as a shelter manager at the light level of exertion and not at the sedentary level, the level at which the ALJ assessed her RFC. Accordingly, Plaintiff argues, the ALJ's finding that she could perform her past relevant work as a shelter manager was not based upon substantial evidence. Plaintiff's contention on this point is well-taken.

The three phases of the fourth step of the sequential evaluation – here, the step at which the ALJ found Plaintiff not disabled[1] – require, first, that the ALJ assess Plaintiff's RFC and, next, "determine the physical and mental demands of the claimant's past relevant work" and, finally, consider "whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Winfrey v. Chater,* 92 F.3d 1017, 1023 (10th Cir. 1996). Specific findings by the ALJ are required at each of the three steps. *Id.*

At phase one of the process, the ALJ made RFC findings, but the findings are not consistent. In the body of his decision, the ALJ determined that while Plaintiff was suffering from some pain, it was not pain which would limit her RFC beyond the *full* range of sedentary work [Tr. 21]. Then, in the same paragraph, the ALJ found that

---

[1] The ALJ's decision also addresses step five issues, utilizing the Medical-Vocational Guidelines (the "grids"), *see* 20 C.F.R. Pt. 404, Subpt. P., Appendix 2, as a framework for a finding of non-disability. While the ALJ's decision is far from a model of clarity – with findings made in the body of the decision at odds with the formal findings at its conclusion – the parties agree that the ALJ made a finding of "not disabled" at step four [Doc. No. 20 at page 10; Doc. No. 21 at page 3], and the court's order is directed to that determination.

Plaintiff had the RFC for a *wide* range of sedentary work. *Id.* Finally, in his formal findings, the ALJ determined that Plaintiff had the RFC to perform a *significant* range of sedentary work [Tr. 23]. Moreover, as Plaintiff asserts, the ALJ's RFC assessment fails to address possible reaching and handling limitations – as well as pain – due to carpal tunnel syndrome, limitations primarily supported by the opinion and testing of Dr. Morgan, a consultative examiner [Tr. 314 - 317]. On remand of this matter, the adjudicator will have the opportunity to reassess Plaintiff's RFC following a properly documented evaluation of the medical source opinions of record.[2] *See* 20 C.F.R. § 404.1527.

At phases two and three, the ALJ determined the demands of Plaintiff's past relevant work as a shelter manager based upon Plaintiff's description of her responsibilities: lifting ten pounds occasionally; interviewing the clients; explaining the rules; showing the rooms; holding group meetings, and seeing that other employees did their work [Tr. 21]. As Plaintiff's testimony at the administrative hearing did not encompass her work as a homeless shelter manager,[3] the ALJ's source of information about Plaintiff's past work as a shelter manager appears to have been Plaintiff's work history report which was included with her disability application filings [Tr. 92]. Based upon this information, the ALJ concluded that Plaintiff's work as a shelter manager was sedentary work and that Plaintiff could perform this type of work [Tr. 21].

---

[2] The ALJ's responsibility to weigh medical source opinions extends to the opinions of an examining physician. *See Lackey v. Barnhart,* 127 Fed. Appx. 455, 457 (10th Cir. Apr. 5, 2005) (unpublished op. cited as persuasive authority pursuant to Tenth Circuit Rule 36.3).

[3] Plaintiff offered limited testimony with respect to her work for the Salvation Army but not for the homeless shelter [Tr. 88, 92, 94 and 330].

6

The form requesting detailed information about Plaintiff's work as a shelter manager includes spaces where Plaintiff filled in the number of hours per day in which she performed various physical activities including walking, standing, sitting, climbing and so forth [Tr. 92]. Plaintiff reported on the form that in an eight hour day as a homeless shelter manager she walked for two hours and stood for one hour. *Id.* As Plaintiff argues, correctly, a job is considered to be at the sedentary exertional level if walking and standing are required *occasionally*, *see* 20 C.F.R. § 404.1567 (a), and an activity is considered to be performed *occasionally* only if occurring up to one-third – here, for a little over two and a half hours – per eight hour day. *See Dictionary of Occupational Titles,* App. C.[4] Because Plaintiff's self-report – in the absence of testimony by a vocational expert, the only evidence of record – shows that Plaintiff walked and stood more than occasionally in her work as a shelter manager, substantial evidence does not support the ALJ's determination that Plaintiff's past relevant work was sedentary and, consequently, compatible with Plaintiff's RFC.

This matter must be reversed and remanded in order that the ALJ, with the assistance of a vocational expert, can properly determine if there is any work in the national economy which Plaintiff could perform or whether Plaintiff can meet the demands of her past relevant work as she actually performed it or "as generally required by employers throughout the economy." *See* Social Security Ruling 82-61, 1982 WL 31387, at *2.

---

[4]http://www.occupationalinfo.org/appendxc_1.html.

**Conclusion**

The decision of the Commissioner is reversed and remanded for further proceedings consistent with this opinion. Judgment will be entered accordingly.

IT IS SO ORDERED this 14th day of July, 2005.

*[Signature]*
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE